IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DENGE LEMO GAHANO,**

        Plaintiff,

v.

**SUNDIAL MARINE & PAPER,
ALLIED INDUSTRIAL CHEMICAL
AND ENERGY WORKERS
INTERNATIONAL UNION 8-0369,**

        Defendants.

05-CV-1946-BR

OPINION AND ORDER

**DENGE LEMO GAHANO**
12015 S.E. Ash Street
Portland, OR  97216

        Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**NELSON D. ATKIN II**
**EDWIN A. HARNDEN**
Barran Leibman LLP
601 S.S. Second Avenue
Suite 2300
Portland, OR 97204-3159
(503) 228-0500

      Attorneys for Sundial Marine & Paper

**BROWN, Judge.**

This matter comes before the Court on Defendant Sundial Marine & Paper's Motion to Strike Plaintiff's Amended Complaint (#20). For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On December 28, 2005, Plaintiff proceeding *pro se* filed a Complaint in this Court in which he alleged racial harassment and discrimination by his employer, Sundial Marine. On January 18, 2006, Sundial Marine filed an Answer.

On February 28, 2006, Plaintiff filed an Amended Complaint in which he alleged racial discrimination, retaliation, and wrongful termination. Plaintiff did not seek leave of Court before filing the Amended Complaint.

On March 10, 2006, Sundial Marine filed a Motion to Strike Plaintiff's Amended Complaint on the ground that Plaintiff did not seek leave of Court or comply with Local Rule 7.1 before

2 - OPINION AND ORDER

filing his Amended Complaint.

On March 20, 2006, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, a proposed Second Amended Complaint, and a letter apologizing for failing to seek consent before filing his Amended Complaint because he was not aware of the requirement that he do so.  The Court construed the letter and the Motion as a Response to Sundial Marine's Motion to Strike and gave Sundial Marine until April 10, 2006, to file a Reply related to its Motion to Strike.  Sundial Marine did not file a Reply.

## **STANDARDS**

Fed. R. Civ. P. 15(a) provides a party may amend a pleading only by leave of court after a responsive pleading has been filed unless the opposing party consents to the amendment.  Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires."  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

A court must consider several factors when determining whether justice requires the court to grant leave to amend.  Those factors include:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

3 - OPINION AND ORDER

>     party by virtue of allowance of the
>     amendment, [and] futility of the amendment.

*Id*. at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Whether a proposed amendment to a complaint will cause undue prejudice to the defendant is the key factor the court must consider.  *Eminence Capital,* 316 F.3d at 1052.  The party who opposes amendment bears the burden to show prejudice.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Id.*

## **DISCUSSION**

It is undisputed that Plaintiff did not seek leave of Court before he filed his Amended Complaint.  Sundial Marine, however, does not contend in its Motion to Strike that it will be prejudiced if the Court allows the Plaintiff to amend his Complaint nor does the Court find any evidence of dilatory motive or bad faith on the part of Plaintiff.  In addition, the Court, notes Plaintiff is proceeding *pro se*.

On this record, the Court, therefore, denies Sundial Marine's Motion to Strike and grants Plaintiff leave to file a Second Amended Complaint.

## CONCLUSION

For these reasons, the COURT **DENIES** Defendant Sundial Marine's Motion to Strike the Amended Complaint (#20).  The Court **GRANTS** Plaintiff leave to file a Second Amended Complaint no later than May 15, 2006.  Defendant Sundial Marine's response to Plaintiff's Second Amended Complaint is due no later than May 29, 2006.

The Court notes Sundial Marine filed a Motion for Extension of Discovery and Pretrial Deadlines (#25) on April 25, 2006.  Plaintiff's response, if any, is due no later than May 12, 2006.  No reply will be permitted.

The Court reminds both parties that they must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Oregon, including Local Rule 7.1 which requires a moving party to confer with opposing counsel or, in this case, with *pro se* Plaintiff before filing any motion.

IT IS SO ORDERED.

DATED this 28th day of April, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER