IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DENGE LEMO GAHANO,**

       Plaintiff,

v.

**SUNDIAL MARINE & PAPER and ALLIED INDUSTRIAL CHEMICAL AND ENERGY WORKERS INTERNATIONAL UNION 8-0369,**

       Defendants.

05-CV-1946-BR

OPINION AND ORDER

**DENGE LEMO GAHANO**
12015 S.E. Ash Street
Portland, OR  97216

       Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**CRAIG L. LEIS**
**EDWIN A. HARNDEN**
Barran Leibman LLP
601 S.S. Second Avenue
Suite 2300
Portland, OR 97204-3159
(503) 228-0500

      Attorneys for Sundial Marine & Paper

**STEVEN A. CRUMB**
Crumb & Munding PS
1950 Seafirst Financial Center
Spokane, WA 99201
(509) 624-6464

**JEFF S. NAPOLI**
Gilroy & Napoli, LLC
5335 SW Meadows Road
Suite 261
Lake Oswego, OR 97035
(503) 620-9887

      Attorneys for Allied Industrial Chemical and Energy
      Workers International Union 8-0369

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint (#115). For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### DISCUSSION

Plaintiff seeks to amend his Second Amended Complaint to add a claim for defamation based on statements that Defendant Sundial Marine made to Oregon Bureau of Labor and Industries (BOLI) during its investigation of Plaintiff's employment discrimination

2 - OPINION AND ORDER

claims. Plaintiff, however, did not include a copy of his proposed Third Amended Complaint with his Motion as required by Local Rule 15.1(c).

Even if Plaintiff had complied with the requirements of Local Rule 15.1(c), however, the Court denies his Motion to Amend his Second Amended Complaint because Plaintiff cannot state a claim for defamation based on Sundial Marine's statements to BOLI. "[S]tatements that are made as part of judicial and quasi-judicial proceedings are absolutely privileged." *Wallulis v. Dymowski*, 323 Or. 337, 348 (1996)(citing *Ducosin v. Mott*, 292 Or. 764, 768 (1982)(communications to a medical examiner suggesting a possible homicide should be "cloaked with an absolute privilege" because those communications are "an initial step in a judicial proceeding."). *See also Binder v. Oregon Bank*, 284 Or. 89, 91 (1978)("[s]tatements made by parties to judicial proceedings are absolutely privileged"); *Moore v. West Lawn Mem'l Park*, 266 Or. 244, 250-51 (1973)(communications made to State Board of Funeral Directors and Embalmers when it is sitting in its quasi-judicial function as a licensing body are absolutely privileged); *Ramstead v. Morgan*, 219 Or. 383, 401 (1959)(absolute privilege applied to former client's statements to a State Bar committee concerning alleged attorney misconduct because the committee was serving a judicial or quasi-judicial function).

BOLI proceedings are quasi-judicial proceedings.

3 - OPINION AND ORDER

*Schwartzmiller v. Roberts*, Civ. No. 93-1276-FR, 1994 WL 48967, at *1-2 (D. Or. Feb. 11, 1994). The Court concludes, therefore, Sundial Marine's statements to BOLI are absolutely privileged, and Plaintiff may not bring a claim for defamation relating to those statements.

Accordingly, the Court denies Plaintiff's Motion for Leave to File a Third Amended Complaint.

## **CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's Motion for Leave to File Amended Complaint (#115).

IT IS SO ORDERED.

DATED this 27th day of August, 2007.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

4 - OPINION AND ORDER