IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DENGE LEMO GAHANO,**

        Plaintiff,

v.

**SUNDIAL MARINE & PAPER and ALLIED INDUSTRIAL CHEMICAL AND ENERGY WORKERS INTERNATIONAL UNION 8-0369,**

        Defendants.

05-CV-1946-BR

OPINION AND ORDER

**DENGE LEMO GAHANO**
12015 S.E. Ash Street
Portland, OR  97216

        Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**CRAIG L. LEIS**
**EDWIN A. HARNDEN**
Barran Leibman LLP
601 S.W. Second Avenue
Suite 2300
Portland, OR 97204-3159
(503) 228-0500

       Attorneys for Defendant Sundial Marine & Paper

**STEVEN A. CRUMB**
Crumb & Munding PS
1950 Seafirst Financial Center
Spokane, WA 99201
(509) 624-6464

**JEFF S. NAPOLI**
Gilroy & Napoli, LLC
5335 SW Meadows Road
Suite 261
Lake Oswego, OR 97035
(503) 620-9887

       Attorneys for Defendant United Steel Workers
       International Union Local 8-0369, formerly known as
       Allied Industrial Chemical and Energy Workers
       International Union 8-0369

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Motions for Leave to File Motion for Reconsideration (#155, #156) and Plaintiff's Motions for Reconsideration (#157, #158).

    For the reasons that follow, the Court **GRANTS** Plaintiff's Motions for Leave to File Motion for Reconsideration and **GRANTS** Plaintiff's Motions for Reconsideration.  The Court, nonetheless, adheres to its December 14, 2007, Opinion and Order granting Defendants' Motions for Summary Judgment and dismissing this

2 - OPINION AND ORDER

action.

## BACKGROUND

Sundial is a company that engages in the repair, dry docking, conversion, and construction of ships and vessels.  On April 14, 2004, Defendant Sundial hired Plaintiff as an apprentice welder at Sundial's facility in Troutdale, Oregon. Under a collective bargaining agreement (CBA) between Sundial and the Union, Plaintiff, like all new employees of Sundial, was hired as a probationary employee.  Under the terms of the CBA, probationary employees do not have seniority or the right to be recalled for employment after a lay-off.  The CBA also provides Sundial employees who complete probation (six months of active employment) are entitled to additional rights under the CBA, including seniority and the right to be recalled for employment after a lay-off.

On July 8, 2004, Sundial held a barbecue dinner for its employees.  At the barbecue, Plaintiff and a co-worker, Sam Castillo, had a brief verbal altercation in which Plaintiff contends Castillo called him an "African monkey nigger." Plaintiff immediately complained to his supervisor, Ty Mills, about the incident.  Mills asked Castillo about the incident. Castillo reported Plaintiff called him a "fucking beaner," and Castillo responded by calling Plaintiff a "fucking Porch monkey."

3 - OPINION AND ORDER

Mills concluded there was not enough evidence to corroborate either Plaintiff or Castillo's version of events, verbally reprimanded Castillo and Plaintiff, and determined there was no need for further action on the matter.  At his deposition, Plaintiff testified he did not experience harassment from Castillo or any other Sundial employee after the incident.

On July 30, 2004, Sundial laid off four probationary apprentice welders:  Plaintiff and three Caucasians.

On September 3, 2004, the Union sent Plaintiff a standard "welcome" letter.  On September 10, 2004, Plaintiff sent a letter to the Union in which he thanked it for his welcome letter and informed the Union that he had been "looking the way [*sic*] to contact this Union for past month and half [*sic*]."  Green Decl., Ex. B.  Plaintiff also informed the Union of his altercation with Castillo, stated his belief that Sundial terminated his employment in retaliation for reporting the incident, and requested the Union's assistance.

On September 13, 2004, Plaintiff called the Union and spoke with a staff representative, Karen Alexander, about his situation.  Alexander asked the Chief Steward, Steve Ballard, to conduct an investigation and requested Plaintiff's personnel file from Sundial.  Green Decl., Ex. C.

On September 30, 2004, Alexander wrote Plaintiff a letter in which she reported the results of the investigation.  Alexander

4 - OPINION AND ORDER

noted Sundial stated it terminated Plaintiff due to a general reduction in force, Plaintiff was a probationary employee at the time of his termination, Mills did not take the issue of the altercation any further because he was afraid both Plaintiff and Castillo would be terminated, and Plaintiff apparently did not take any action until he called the Union office on September 13, 2004.  The Union concluded, based on these facts, that it could not take any further action on Plaintiff's behalf.  Green Decl., Ex. C.

On July 6, 2005, Plaintiff submitted an application for re-employment with Sundial.  Plaintiff testified at his deposition that he did not know whether Sundial had a position open at that time.  Sundial rejected Plaintiff's application at some point because it did not have an apprentice-welder position open on July 6, 2005.  In fact, Sundial did not hire any new apprentice welders in 2005.  Sundial only recalled apprentice welders who had seniority when they were laid off as required by the CBA.

Plaintiff also wrote a second letter to the Union on July 6, 2005, in which he noted it had been "over 7 months since [his] last contact with [the Union]."  Green Decl., Ex. D.  Plaintiff asked the Union to "stand for [his] rights and get [his] job back."  On July 22, 2005, the Union responded to Plaintiff in writing and informed him again that "there is no action that can be taken on your behalf by the union.  At the time you were on

5 - OPINION AND ORDER

probation, which, terminations [*sic*] are at the sole discretion of the employer, during the probationary period."  Green Decl., Ex. E.

On July 25, 2005, Plaintiff filed a complaint simultaneously with the Oregon Bureau of Labor and Industries (BOLI) and the Equal Employment Opportunity Commission (EEOC) against Sundial in which he alleged Sundial terminated his employment based on his race or national origin and/or because he complained about this discrimination to his supervisor.  Plaintiff also alleged Sundial refused to rehire him because he complained about race and/or national-origin discrimination.  On October 4, 2005, BOLI mailed Plaintiff a 90-day notice letter.  On November 7, 2005, the EEOC mailed Plaintiff a 90-day notice letter.

On December 28, 2005, Plaintiff filed *pro se* a Complaint in this Court against Sundial in which it appears Plaintiff alleged Sundial terminated his employment and did not rehire him because of his race or national origin or because he complained about discrimination.

On May 15, 2006, Plaintiff filed an Amended Complaint against Sundial in which he added the Union as a defendant and added allegations that he experienced harassment at Sundial, that Sundial terminated his employment on the basis of race, and that Sundial would not rehire him due to his race and/or because he complained about discrimination.  Plaintiff also alleged he

6 - OPINION AND ORDER

complained about harassment to the Union, and "it was clear that the union did not informed [sic] about my termination or complaining of racial discrimination by defendant."  Finally, Plaintiff asserted "[i]t is contrary to the public policy of the state [sic] of Oregon to discrimination or retaliate against an employee because of a complaint or otherwise asserted my right under law."

On June 12, 2006, the Court issued an Order directing Plaintiff to serve a Summons and a copy of the Complaint on the Union no later than August 16, 2006.  On August 8, 2006, and November 21, 2006, the Court extended Plaintiff's deadline to serve the Union until December 22, 2006.

On December 6, 2006, Plaintiff filed a Second Amended Complaint against Sundial and the Union in which he alleges the Union improperly refused to bargain with Sundial on Plaintiff's behalf.  On December 12, 2006, Plaintiff served his Second Amended Complaint on the Union.

On May 14, 2007, the Court issued an Order noting the First Amended Complaint was the operative complaint as to Sundial and the Second Amended Complaint was the operative complaint as to the Union for purposes of summary judgment.  On June 22, 2007, Plaintiff filed a Motion for Leave to File a Third Amended Complaint to add a claim for defamation.

On June 25, 2007, the Union filed a Motion for Summary

7 - OPINION AND ORDER

Judgment on the grounds that (1) Plaintiff's claim for breach of fair representation is barred by the applicable statute of limitations, (2) the Union did not breach its duty of fair representation, and (3) Plaintiff's claims are time-barred to the extent that Plaintiff asserts claims for violation of state and federal discrimination laws.  On June 25, 2007, Sundial also filed a Motion for Summary Judgment on the ground that Plaintiff cannot meet his burden with respect to any of his claims against Sundial.

On August 27, 2007, the Court issued an Opinion and Order in which it denied Plaintiff's Motion for Leave to File a Third Amended Complaint.

On September 18, 2007, Sundial filed a Motion to Strike Plaintiff's Declaration submitted in opposition to Sundial's Motion for Summary Judgment on the ground that it is "replete with hearsay, speculation, and statements made about which the declarant lacks personal knowledge."

On October 9 and 10, 2007, Plaintiff filed Motions to Strike the Replies of the Union and Sundial in support of their Motions for Summary Judgment.

On December 14, 2007, the Court issued an Opinion and Order in which it granted Defendants' Motions for Summary Judgment and granted in part and denied in part Plaintiff's Motions to Strike. The Court also granted Defendants' Motions for Summary Judgment

8 - OPINION AND ORDER

on the grounds that (1) Plaintiff's claims against the Union for breach of duty of fair representations are barred by the applicable statute of limitations; (2) Plaintiff did not state any claims against the Union for violations of state or federal discrimination laws; (3) Plaintiff failed to produce sufficient evidence to establish his claims against Sundial for hostile work environment, retaliation, or discrimination; and (4) Plaintiff could not proceed on his claim for common-law wrongful discharge because Title VII and Oregon Revised Statutes § 659.030(f)(1) provide adequate remedies for his retaliation claims.

On December 31, 2007, Plaintiff filed two Motions for Leave to file Motions for Reconsideration and two Motions for Reconsideration.

## **DISCUSSION**

Although Plaintiff does not provide any new evidence or law to support his request, Plaintiff asks the Court to reconsider its decision to grant Defendants' Motions for Summary Judgment. As noted, however, Plaintiff merely reiterates the arguments and cites the evidence he presented in his earlier Responses to Defendants' Motions.  The Court has reconsidered its December 14, 2007, decision and concludes it is correct.  The Court, therefore, declines to alter its decision to grant Defendants' Motions for Summary Judgment on the basis of the arguments and evidence

9 - OPINION AND ORDER

previously presented by Plaintiff.

To the extent Plaintiff contends the Court should reconsider its decision to grant Defendants' Motions because Sundial has not produced certain documents requested by Plaintiff, Sundial notes in its Response to Plaintiff's Motions for Reconsideration that the documents were the subject of several discovery conferences between the parties and the Court and the Court informed Plaintiff a number of times that the documents sought by Plaintiff were subject to attorney-client privilege and work-product privilege.  In addition, pursuant to the Court's direction, Sundial sent Plaintiff a letter on February 14, 2007, in which it confirmed it had performed a diligent search and had produced all nonprivileged documents regarding Plaintiff's claims.  Accordingly, the Court concludes Sundial has produced all of the documents it is required to produce.  The Court, therefore, declines to alter its decision to grant Defendants' Motions for Summary Judgment on this basis as well.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motions for Leave to File Motion for Reconsideration (#155, #156).  The Court also **GRANTS** Plaintiff's Motions for Reconsideration (#157, #158) to the extent that the Court has reconsidered its December 14, 2007, Opinion and Order.  The Court, nonetheless, adheres to its

December 14, 2007, Opinion and Order in which it granted Defendants' Motions for Summary Judgment and dismissed this action.  The Court, therefore, will re-enter the final Judgment dismissing this matter with prejudice.

    IT IS SO ORDERED.

    DATED this 17th day of January, 2008.

    /s/ Anna J. Brown

    ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER