IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**DENGE LEMO GAHANO,**             05-CV-1946-BR

      Plaintiff,

                                  OPINION AND ORDER

v.


**SUNDIAL MARINE & PAPER and
ALLIED INDUSTRIAL CHEMICAL
AND ENERGY WORKERS
INTERNATIONAL UNION 8-0369,**

      Defendants.


**DENGE LEMO GAHANO**
12015 S.E. Ash Street
Portland, OR   97216

      Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**CRAIG L. LEIS**
**EDWIN A. HARNDEN**
Barran Leibman LLP
601 S.W. Second Avenue
Suite 2300
Portland, OR 97204-3159
(503) 228-0500

       Attorneys for Defendant Sundial Marine & Paper

**STEVEN A. CRUMB**
Crumb & Munding PS
1950 Seafirst Financial Center
Spokane, WA 99201
(509) 624-6464

**JEFF S. NAPOLI**
Gilroy & Napoli, LLC
5335 SW Meadows Road
Suite 261
Lake Oswego, OR 97035
(503) 620-9887

       Attorneys for Defendant United Steel Workers
       International Union Local 8-0369, formerly known as
       Allied Industrial Chemical and Energy Workers
       International Union 8-0369

**BROWN, Judge.**

    This matter comes before the Court on Defendant Sundial Marine & Paper's Bill of Costs (#168). For the reasons that follow, the Court awards costs to Sundial in the amount of **$2,649.35**.

## BACKGROUND

    On December 28, 2005, Plaintiff Denge Lemo Gahano filed *pro se* a Complaint in this Court against Defendant Sundial in which

2 - OPINION AND ORDER

Plaintiff alleged Sundial terminated his employment and did not rehire him because of his race or national origin or because he complained about discrimination.

On May 15, 2006, Plaintiff filed an Amended Complaint against Sundial in which he added (1) Allied Industrial, Chemical and Energy Workers International Union as a defendant and (2) allegations that he experienced harassment at Sundial, that Sundial terminated his employment on the basis of race, and that Sundial would not rehire him due to his race and/or because he complained about discrimination.  Plaintiff also alleged he complained about harassment to the Union, and the Union failed to fairly represent him.

On December 6, 2006, Plaintiff filed a Second Amended Complaint against Sundial and the Union in which he added allegations that the Union improperly refused to bargain with Sundial on Plaintiff's behalf.

On May 14, 2007, the Court issued an Order noting the First Amended Complaint was the operative complaint as to Sundial and the Second Amended Complaint was the operative complaint as to the Union for purposes of summary judgment.

On June 25, 2007, the Union filed a Motion for Summary Judgment on the grounds that (1) Plaintiff's claim for breach of fair representation is barred by the applicable statute of limitations, (2) the Union did not breach its duty of fair

3 - OPINION AND ORDER

representation, and (3) Plaintiff's claims are time-barred to the extent that he asserts claims for violation of state and federal discrimination laws.  On June 25, 2007, Sundial also filed a Motion for Summary Judgment on the ground that Plaintiff cannot meet his burden with respect to any of his claims against Sundial.

On December 14, 2007, the Court issued an Opinion and Order granting the Motions for Summary Judgment of Sundial and the Union.

On December 31, 2007, Plaintiff filed a Motion for Reconsideration.  On January 18, 2008, the Court issued an Opinion and Order granting Plaintiff's Motion to the extent that the Court reconsidered its December 14, 2007, Opinion and Order. The Court, nonetheless, adhered to its December 14, 2007, Opinion and Order in which it granted Defendants' Motions for Summary Judgment.  Accordingly, on January 18, 2008, the Court entered a Judgment dismissing this matter with prejudice.

On January 31, 2008, Sundial filed a Bill of Costs.

### **STANDARDS**

Absent a showing of circumstances not relevant here, an award of costs is generally governed by federal law.  *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum).  Accordingly, the Court applies federal law

4 - OPINION AND ORDER

to the award of costs in this case.

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation.  The court, however, may not tax costs beyond those authorized by § 1920. *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

### DISCUSSION

Sundial seeks costs of $2,649.35 comprised of fees for court reporters, photocopying charges, and witness fees.  Sundial supports its request with copies of invoices for these charges

5 - OPINION AND ORDER

and the Declaration of Craig L. Leis.

Although Plaintiff filed his "Objection" to Sundial's Bill of Costs, he does not offer any relevant analysis. Nonetheless, the Court has reviewed Sundial's Cost Bill in light of the governing standards and concludes each of the items Sundial requests is appropriately authorized as costs to the prevailing party pursuant to § 1920. In addition, the Court concludes Sundial has adequately supported its request for these costs.

## CONCLUSION

For these reasons, the Court awards costs to Sundial in this action in the amount of **$2,649.35**.

IT IS SO ORDERED.

DATED this 24th day of March, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER